UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EDMOND STANTON,**<br>3718 Foote Street, NE<br>Washington, DC 20019<br><br>and<br><br>**BOOKER TOLBERT,**<br>13907 Piscataway Drive<br>Fort Washington, MD 20744<br><br>and<br><br>**CARNELL VENEY**<br>708 North Cliff Street<br>Alexandria, VA 22301<br><br>**Plaintiffs,**<br><br>v.<br><br>**EXELON CORPORATION,**<br>10 South Dearborn Street, Floor 49<br>Chicago, IL 60603<br><br>and<br><br>**POTOMAC ELECTRIC**<br>  **POWER COMPANY,**<br>701 9TH Street NW<br>Washington, DC 20068-0001<br><br>**Defendants.** | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Exelon Corporation ("Exelon") and Potomac Electric Power Company ("Pepco" or the "Company") (Exelon and Pepco collectively, "Defendants"), by counsel, hereby remove this action, *Stanton, et al. v. Exelon Corporation, et*

*al.*, Case No. 2020 CA 003116 B, from the Superior Court of the District of Columbia. As grounds for the removal, Defendants state as follows:

1. On or about July 15, 2020, Plaintiffs filed this civil action in the Superior Court of the District of Columbia.

2. Plaintiffs served each Defendant with a Summons and file-stamped copy of the Complaint on August 4, 2020.

3. This Notice of Removal is filed within 30 days of the date on which Plaintiffs effected service of the Summons and Complaint and is otherwise timely under 28 U.S.C. §1446(b).

4. True and correct copies of the Summonses and the Complaint, and all other documents filed in or docketed in the state court, are attached as Exhibits A (Complaint and Summonses), B (Consent Motion and Proposed Order), C (Corporate Disclosure) and E (Affidavits of Service).

5. This action is subject to removal pursuant to 28 U.S.C. § 1441(a) because five of the six claims in the action arise under federal law, over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Counts IV, V, and VI of the Complaint each allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the federal statute prohibiting discrimination, harassment, and retaliation in the workplace. Removal is appropriate under this ground alone. See Washington v. D.C. Hous. Auth., 170 F. Supp. 3d 234, 237 (D.D.C. 2016) (removal appropriate where complaint included claims of alleged violations of Title VII).

7. In addition, Counts I and III of the Complaint, while pleaded as state law claims (for discrimination and retaliation, respectively, in violation of the District of Columbia Human

2

Rights Act ("DCHRA")), in fact arise under federal law because part or all of the claims giving rise to these counts are preempted by Section 301 of the Labor Management Relations Act ("LMRA").

8.	Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. §185(a). A suit for breach of a collective bargaining agreement ("CBA") is covered exclusively by federal law because "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action" for violation of a CBA. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23-24 (1983). The Supreme Court has held that Section 301 "authorizes federal courts to fashion a body of federal law for the enforcement of" collective bargaining agreements. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403 (1988). Thus, Section 301 completely preempts any action predicated on state law that is either founded upon rights created by a collective bargaining agreement, or "substantially dependent" upon analysis of, or "inextricably intertwined with," that agreement. Id. at 410 n.10; Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 220 (1985). When a plaintiff does not clearly assert a violation of the terms of a CBA in the complaint, the claim is still be preempted if the court is required to interpret the CBA to resolve the claim. See Ramey v. IBEW, 580 F. Supp. 2d 44, 47-48 (D.D.C. 2008); Bush v. Clark Constr. & Concrete Corp., 267 F. Supp. 2d 43, 46 (D.D.C. 2003). A state law claim that is preempted by the LMRA provides grounds for removal of the claim to federal court. Id.

9.	Plaintiff Edmond Stanton was hired by Pepco as a Relay Tester and currently works as Test Specialist. Compl. ¶ 26. Plaintiff Carnell Veney works for Pepco as a Relay Tester, and Plaintiff Booker Tolbert works for Pepco as a Test Specialist. Id. ¶¶ 63, 87.

10. Plaintiffs are all members of Local 1900 of the International Brotherhood of Electrical Workers ("Local 1900" or "the Union"), and the positions held by Plaintiffs throughout the period relevant to the Complaint are within the bargaining unit for which Local 1900 is the exclusive bargaining representative. See Exhibit D, Declaration of Noelle Civatte ("Civatte Decl.") ¶ 5; see also Compl. ¶ 102 (referencing Tolbert's "Union Representative").

11. The terms and conditions of Plaintiffs' Pepco employment were at all relevant times governed by a collective bargaining agreement entered into between Pepco and Local 1900. Ex. D, Civatte Decl. ¶¶ 6-8.

12. Pepco and the Union entered into a CBA with an effective date of October 22, 2012 ("2012 CBA") that, pursuant an extension agreement, remained in effect through September 2019. Id. ¶ 6. At that time, Pepco and Local 1900 entered a new CBA that remains in effect until June 2022 ("2019 CBA"). Id. In addition, in 2012, the parties entered into a General Memorandum of Understanding ("2012 GMU") that supplemented the 2012 CBA, and remained in effect throughout the duration of the 2012 CBA (including the extension), and continues in effect during the term of the 2019 CBA. Id. ¶ 7. The 2012 CBA, the extension agreement, the 2019 CBA, and the 2012 GMU governed the terms and conditions of Plaintiffs' employment during the time period relevant to the allegations in the Complaint. Id. ¶ 8. True and correct copies of relevant excerpts of these documents are attached as Exhibits 1 through 4 to the Declaration of Noelle Civatte. Id. ¶ 9.

13. All three Plaintiffs complain of various actions allegedly taken against them during their employment that they argue were based on their race (African-American) and/or were in retaliation for their having engaged in protected conduct, including but not limited to the denial of overtime opportunities, salary disparities, the failure to be promoted, and the imposition

of discipline. See, e.g., Compl. ¶¶ 29-30 (Stanton – failure to be promoted to Test Specialist), 36-38 (Stanton – overtime opportunities), 71-73 (Veney – overtime opportunities), 84 (Veney – failure to be promoted), 85 (Veney – overtime opportunities), 87 (Tolbert – failure to be promoted), 91-95 (Tolbert – overtime opportunities), 96-98 (Tolbert – salary disparities), 103 (Tolbert – imposition of discipline); see also Compl. ¶¶ 108-119 (Count I – allegations of discrimination under DCHRA), 132-142 (Count III – allegations of retaliation under DCHRA).

14. The CBAs and the 2012 GMU govern all of the above issues as they relate to Plaintiffs' employment. Specifically, (1) Article 7 of both the 2012 and 2019 CBAs governs the process of selecting employees for overtime work; (2) Article 5 of the CBAs requires that employees be paid pursuant to specific wage schedules attached to the agreements, which schedules set forth the wages to be paid to employees in different positions and grades, including mandated salary increases; (3) Section 8.07 of both CBAs governs promotions within the same Occupational Group (such as from Relay Tester B to Relay Tester A), and the 2012 GMU specifically governs the promotion process for employees seeking the role of Test Specialist; and (4) Article 16 of both CBAs requires that discipline be imposed only "for cause" and sets out a procedure to be followed in the case of any discipline to be issued. See Ex. D, Civatte Decl. ¶¶ 10-13.

15. The Court will be required to review and interpret these terms of the CBAs and GMU to determine whether Defendants acted contrary to the terms of the applicable agreements in selecting employees for overtime, setting salaries, and making promotion and discipline decisions. Indeed, Plaintiffs implicitly concede that the CBAs are relevant to their claims because they argue, for example, that overtime assignments were made "in direct conflict with the seniority principles which govern all Relay Testers," (see, e.g., Compl. ¶¶ 38, 73), and they

further claim that employees with less seniority than Plaintiffs were promoted or paid a higher salary. See, e.g., Compl. ¶¶ 30, 97. Therefore, in addition to the provisions cited above, as a result of Plaintiffs' own allegations, the Court will be required to review the CBAs to determine how the seniority rights, which are created solely by virtue of the agreements, apply to Plaintiffs' claims. See Ex. D, Civatte Decl. ¶ 14.

16. Because the Court will be required to review and interpret provisions of the CBAs to analyze Plaintiffs' claims, and resolution of the claims is substantially dependent on the terms of the CBAs, these claims are preempted by Section 301 of the LMRA. See Berry v. Coastal Int'l Sec., Inc., 968 F. Supp. 2d 104, 111-113 (D.D.C. 2013) (DCHRA age discrimination claim preempted where plaintiff alleged discrimination based on non-selection for supervisor position, imposition of a probationary period, and various disciplinary actions because the court would be required to interpret provisions of the CBA that addressed promotions, probation, and discipline to resolve claim); see also Atchley v. Heritage Cable Vision Assocs., 101 F.3d 495, 500 (7th Cir. 1996) (plaintiff's claim under Indiana statute regarding timing of wage payment was preempted because court would be required to interpret CBA to determine whether there was an obligation to provide payments at a certain time and whether employer breached such obligation); Rorebeck v. Franciscan Health, 2019 U.S. Dist. LEXIS 57761, at *10-13 (W.D. Wash. Apr. 1, 2019) (disability and retaliation claims based on plaintiff's termination and brought under state statute were preempted because court would be required to interpret CBA provision requiring "just cause" for termination to resolve claim); Okeke v. New York & Presbyterian Hosp., 275 F. Supp. 3d 470, 485 (S.D.N.Y 2017) (age discrimination claim related to the denial of overtime opportunities preempted because CBA governed the assignment of overtime); Tall v. MV Transp., 2012 U.S. Dist. LEXIS 139393, at *5-6 (D. Md. Sept. 27, 2012) (claim for wrongful

discharge preempted because court would be required to interpret CBA provision requiring termination only for "just cause" to resolve claim); Civardi v. Gen. Dynamics Corp., 603 F. Supp. 2d 393, 397-398 (D. Conn. 2009) (same); Dombkowsi v. Safeway Inc., 2005 U.S. Dist. LEXIS 29977, at *2-3 (N.D. Cal. Nov. 16, 2005) (plaintiff's claim for failure to timely pay wages under California Labor Code preempted because court was required to interpret CBA provision regarding payment of wages); Fish v. Marine Biological Lab., 2005 U.S. Dist. LEXIS 54242, at *1-2, 5 (D. Mass. Nov. 3, 2005) (plaintiff's discrimination and retaliation claims under Massachusetts statutes premised on alleged pay differentials and denial of promotional opportunities preempted because resolution of claims required interpretation of the CBA).

17. In addition to having original jurisdiction over portions of Counts I and III and the entirety of Counts IV through VI for the reasons stated above, this Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' DCHRA claim for hostile work environment (Count II), as well as any portions of Counts I and III (DCHRA discrimination and retaliation) not preempted by the LMRA.

18. As required by 28 U.S.C. §1446(d), Pepco is providing contemporaneously herewith a true and correct copy of this Notice of Removal to the Plaintiff and to the Clerk of the Superior Court of the District of Columbia. A true and correct copy of the Notice of Removal to be filed in the Superior Court is attached hereto as Exhibit F.

WHEREFORE, Pepco hereby removes the pending state court action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§1441 and 1446.

Respectfully submitted,

LORENGER & CARNELL PLC

**/s/ Susanne Harris Carnell**
Susanne Harris Carnell (D.C. Bar #461530)
Christine M. Burke (D.C. Bar #492074)
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
(703) 684-1804 – Phone
(703) 684-1805 – Fax
scarnell@lorengercarnell.com
cburke@lorengercarnell.com

Counsel for Defendants

OF COUNSEL

Jill D. Flack, Esq.
Assistant General Counsel
701 Ninth Street, NW
Washington, D.C. 20068
Tel: 202-872-2756
jdflack@pepcoholdings.com

Dated: September 3, 2020

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of September 2020, I served the foregoing Notice of Removal, including the accompanying exhibits, by filing it via the Court's CM/ECF system, and that as a result of such filing, a notification and copy of such filing will be sent to counsel of record for the Plaintiffs:

>Darrell Chambers
>Douglas S. Rosenbloom
>Chambers & Rosenbloom
>8403 Colesville Road, Suite 1100
>Silver Spring, MD 20910
>(202) 684-8510
>darrell@chambersrosenbloom.com
>doug@chambersrosenbloom.com

I certify that I will also serve a copy on Plaintiffs' counsel via First Class U.S. Mail.

>/s/ Susanne Harris Carnell
>Susanne Harris Carnell
>LORENGER & CARNELL PLC
>651 South Washington Street
>Alexandria, Virginia 22314
>(703) 684-1804 Direct
>(703) 684-1805 Fax
>scarnell@lorengercarnell.com